**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

JOSE MELENDEZ,

      Plaintiff,

vs.

SSC & ALUMINUM FABRICATIONS, INC.,
D/B/A SSC METAL FABRICATION,
a Florida Profit Corporation, BRYAN S. BENNETT,
individually, and MIYALY CRUZ, individually

      Defendants.
_____/

## COMPLAINT

    Plaintiff JOSE MELENDEZ, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants SSC & ALUMINUM FABRICATIONS, INC., a Florida profit Corporation, D/B/A SSC METAL FABRICATION, (hereinafter "SSC") BRYAN S. BENNETT, individually (hereinafter "BENNETT") and MIYALY CRUZ (hereinafter "CRUZ") (collectively "Defendants") and states as follows:

### JURISDICTION AND VENUE

1.  This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2.  Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.  Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

## PARTIES

4.  Plaintiff at all times pertinent to this Complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5.  During all times relevant to this Complaint, Plaintiff was employed by Defendants. Specifically, Plaintiff performed work for Defendants as a full-time operations manager from on or about October 21, 2020, until on or about January 10, 2022. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6.  SSC is a Florida corporation organized and existing under and by virtue of the laws of Florida and with its principal place of business located at 837 W 13th Street, Suite A, Riviera Beach, Florida, 33404. SSC had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7.  SSC is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8.  Specifically, SSC is an architectural and ornamental metal fabrication company. SSC, upon information and belief, constructs structures using materials which are shipped nationwide.

9.  At all times material to this Complaint, SSC has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved

2

in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. SSC upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant BENNETT is a manager, and exercised operational control over the activities of, corporate Defendant, SSC.

12. Defendant BENNETT acted directly in the interest of his company, SSC. Upon all available information, BENNETT controlled the manner in which Plaintiff performed his work, and the pay he was to receive.

13. Defendant CRUZ is an executive officer, and exercised operational control over the activities of, corporate Defendant, SSC.

14. Defendant CRUZ acted directly in the interest of SSC. Upon all available information, CRUZ controlled the manner in which Plaintiff performed his work, and the pay he was to receive.

15. Defendants were an "employer" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

16. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

17. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

18. Plaintiff began working for Defendants on October 21, 2020, through approximately January 10, 2022, as an operations manager.

19. During the course of his employment, Plaintiff worked between 50–70 hours per work week. Plaintiff earned $25/hour through October 21, 2021, and $28.00/hour thereafter.

20. During the course of Plaintiff's employment with Defendants, Plaintiff was not compensated at all for many hours worked for Defendants. For example, Defendants failed to compensate Plaintiff at all for the worked he performed for three weeks of his employment.

21. Throughout Plaintiff's employment, Plaintiff was compensated at his applicable hourly rate for the hours he worked over 40 hours in each workweek.

22. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

23. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

24. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

25. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

26. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/MINIMUM WAGES against SSC

27. Plaintiff re-alleges and reaffirms paragraphs 1 through 26 as fully set forth herein.

28. This action is brought by Plaintiff to recover from Defendant SSC unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 206.

29. SSC failed to compensate Plaintiff for the last three weeks of his employment. Defendant has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

30. SSC knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

31. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

32. By reason of the said intentional, willful and unlawful acts of SSC, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

33. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

34. SSC never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

35. As a result, SSC's willful violations of the Act, Plaintiff is entitled to liquidated damages.

36. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from SSC.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant SSC:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT II</u>
**VIOLATION OF FLSA/OVERTIME**
**against SSC**

37. Plaintiff, re-alleges and reaffirms paragraphs 1 through 26 as if fully set forth herein.

38. This action is brought by Plaintiff to recover from Defendant SSC unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. 29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

39. Since the commencement of Plaintiff's employment, SSC has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times his regular rate.

40. Specifically, throughout his employment Plaintiff worked over forty (40) hours during some of the workweeks in which he was employed.

41. SSC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C.

§ 203(r) and 203(s). SSC's business activities involve those to which the Fair Labor Standards Act applies.

42. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was compensated an hourly rate.

43. SSC has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

44. By reason of the said intentional, willful, and unlawful acts of SSC, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

45. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

46. SSC never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

47. As a result of SSC's willful violations of the Act, Plaintiff is entitled to liquidated damages.

48. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from SSC.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT III**</u>
**VIOLATION OF FLSA/MIMIMUM WAGES against BENNETT**

49. Plaintiff, re-alleges and reaffirms paragraphs 1 through 26 as if fully set forth herein.

50. At the times mentioned, Defendant BENNETT was, and is now, a corporate officer of corporate Defendant SSC.

51. BENNETT was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly in the interests of Defendant SSC in relation to its employees including Plaintiff.

52. Specifically, BENNETT supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

53. Defendant BENNETT is the manager, and exercised operational control over the activities of, corporate Defendant SSC.

54. BENNETT had operational control of the business and is thus jointly liable for Plaintiff's damages.

55. Defendant BENNETT willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant BENNETT:

    A. Adjudge and decree that Defendant BENNETT has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum

wage, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT IV**</u>
**VIOLATION OF FLSA/OVERTIME against BENNETT**

56. Plaintiff, re-alleges and reaffirms paragraphs 1 through 26 as if fully set forth herein.

57. At the times mentioned, Defendant BENNETT was, and is now, a corporate officer of corporate Defendant SSC.

58. BENNETT was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that BENNETT acted directly in the interests of Defendant RHINO in relation to its employees including Plaintiff.

59. Specifically, BENNETT supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

60. Defendant BENNETT is the manager, and exercised operational control over the activities of, corporate Defendant SSC.

61. BENNETT had operational control of the business and is thus jointly liable for Plaintiff's damages.

62. Defendant BENNETT willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant BENNETT:

9

A. Adjudge and decree that Defendant BENNETT has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT V</u>
### VIOLATION OF FLSA/MIMIMUM WAGES against CRUZ

63. Plaintiff, re-alleges and reaffirms paragraphs 1 through 26 as if fully set forth herein.

64. At the times mentioned, Defendant CRUZ was, and is now, a corporate officer of corporate Defendant SSC.

65. CRUZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly in the interests of Defendant SSC in relation to its employees including Plaintiff.

66. Specifically, CRUZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

67. Defendant CRUZ is the manager, and exercised operational control over the activities of, corporate Defendant SSC.

68. CRUZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

69. Defendant CRUZ willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with

Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant CRUZ:

    A.  Adjudge and decree that Defendant CRUZ has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VI**
**VIOLATION OF FLSA/OVERTIME against CRUZ**

70. Plaintiff, re-alleges and reaffirms paragraphs 1 through 26 as if fully set forth herein.

71. At the times mentioned, Defendant CRUZ was, and is now, a corporate officer of corporate Defendant SSC.

72. CRUZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that CRUZ acted directly in the interests of Defendant RHINO in relation to its employees including Plaintiff.

73. Specifically, CRUZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

74. Defendant CRUZ is the manager, and exercised operational control over the activities of, corporate Defendant SSC.

75. CRUZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

76. Defendant CRUZ willfully and intentionally refused to properly pay Plaintiff overtime wages

as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant CRUZ:

    A. Adjudge and decree that Defendant CRUZ has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JOSE MELENDEZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 24, 2022

            **PEREGONZA THE ATTORNEYS, PLLC**
            5201 Blue Lagoon Drive
            Suite 290
            Miami FL 33126
            Tel. (786) 650-0202
            Fax. (786) 650-0200

            By: /s/ *Nathaly Saavedra*
            Nathaly Saavedra, Esq.
            Fla. Bar No. 118315
            Email: nathaly@peregonza.com

            By: /s/ *Juan J. Perez*
            Juan J. Perez, Esq.
            Fla. Bar No. 115784
            Email: juan@peregonza.com