## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-80928-CIV-SMITH/MAYNARD

**JOSE MELENDEZ,**

     **Plaintiff,**

**vs.**

**SSC & ALUMINUM FABRICATIONS, INC.,
d/b/a SSC Metal Fabrication, BRYAN S.
BENNETT, and MIYALY CRUZ,**

     **Defendants.**

_____/

### REPORT AND RECOMMENDATION
### FOLLOWING FLSA FAIRNESS HEARING

     **THIS CAUSE** is before me upon the parties' Joint Motion to Approve Settlement Agreement and Dismiss Action with Prejudice ("Joint Motion"). DE 29. Presiding U.S. District Judge Rodney Smith referred this matter to me to conduct a fairness hearing "to determine whether any settlement in this matter is 'a fair and reasonable resolution of a bona fide dispute.'" DE 16 at 2 (quoting *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

     On September 21, 2022, the parties submitted their executed Settlement Agreement and Release of Claims for *in camera* review. On September 22, 2022, I held a fairness hearing and heard from counsel for all parties regarding the fairness of their agreed-upon settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* As discussed on the record, I directed the parties to confer on the matter of confidentiality and submit a revised version of their settlement agreement to address this

1

matter and also to correct an inadvertent error in the payment terms.   DE 30.   Upon receipt and review of the revised settlement agreement, I ordered the parties to file their agreement publicly in the record. DE 31 (citing *Straw v. Grampa's Real Est. Inc.*, No. 20-CIV-60391-Ruiz, 2020 WL 13402058, at *1 (S.D. Fla. July 16, 2020) ("an FLSA settlement agreement generally should not be sealed or reviewed *in camera* unless there is a compelling interest in secrecy"). The parties thereafter complied by filing their agreement in the record. DE 32.

When a private action brought under the FLSA is settled, a court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353, 1355.   A reviewing court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While FLSA provisions are mandatory, the Eleventh Circuit recognizes that there may be bona fide disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where, as here, a settlement agreement is entered into in an adversarial context with both sides represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues. *Id.*

I have independently reviewed the entire record, the Joint Motion, and the parties' final Settlement Agreement. I have also considered the *Lynn's Food* factors and am otherwise fully advised. I find that the settlement in this case represents a genuine compromise of a bona fide dispute. The settlement is the negotiated result of an adversarial proceeding.The parties have agreed to settle for reasonable strategic and financial

considerations. Among other things, the Settlement Agreement includes a detailed breakdown of the settlement payments to be made to Plaintiff and his counsel, mutual releases, a non-disparagement/neutral reference provision, and a non-admission of liability provision. The parties agree to the dismissal of this lawsuit with prejudice and seek for the Court to retain jurisdiction for 90 days from the date of dismissal to enforce the settlement, if necessary. In all, the settlement—inclusive of the attorney's fees and costs—represents a reasonable and fair compromise that avoids the costs and uncertainty of further litigation.

## **RECOMMENDATION**

Based on the foregoing, I respectfully **RECOMMEND** that the presiding U.S. District Judge (1) **GRANT** the parties' Joint Motion to Approve Settlement Agreement and Dismiss Action with Prejudice, DE 29, (2) **APPROVE** the parties' settlement agreement as fair and reasonable; (3) **DISMISS WITH PREJUDICE** this action; and (4) **RESERVE** jurisdiction for a period of 90 days after the date of the Order dismissing this case to enforce the terms of the parties' settlement, if necessary.

## **NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Rodney Smith. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to**

3

**object to this Report and Recommendation, then that party shall file a Notice of such**

**within five (5) days of the date of this Report and Recommendation.**

    **DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 3rd day

of October, 2022.

SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE

4